# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARIE BALL, | : | CIVIL NO. 1:CV-09-0844 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| COUNSELOR HARTMAN, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Dawn Marie Ball ("Ball") is an inmate confined at the State Correctional Institution at Muncy (SCI-Muncy), Pennsylvania. She files this civil rights action pursuant to 42 U.S.C. § 1983 wherein she names as Defendants Jeffrey Beard, Secretary at the Pennsylvania Department of Corrections ("DOC"), seven (7) SCI-Muncy employees[1] and Jill Cicero, Associate Court Administrator for the Court of Common Pleas of Northampton County Pennsylvania. In the complaint, Ball alleges that Defendants denied her access to the courts when she was prevented from participating in a phone hearing due to her confinement in the Restricted Housing Unit. Presently before the Court for consideration are Plaintiff's motion for counsel (Doc. No. 4), motion for injunctive relief (Doc. No. 5) and request for default (Doc. No. 30). The Court will also address the motion to dismiss filed by Defendant Cicero (Doc. No. 16). The Corrections Defendants have also filed a motion to dismiss which will be addressed by the Court is a separate Memorandum and Order to be issued in due course. (Doc. No. 27).

---

[1] The SCI-Muncy Defendants are as follows: Marirosa Lamas, Superintendent; Susan Hartman, Counselor; Jill Shepler, Deputy Superintendent; David Deibler-Gorman, Counselor Supervisor; Lieutenant Jerry Gridley; Wendy Nicholas, Classification Program Manager; and William Frantz, Corrections Unit Manager.

## I. Background

In the complaint Ball alleges that on March 20, 2009, she was suppose to participate in a court hearing by phone with regard to the issue of paternity testing. She claims that Defendant Hartman came to her door and said that someone had called Hartman about the hearing. Hartman informed them that Ball was not permitted to take the call because she was confined in the RHU. (Doc. No. 1, Compl. at 2.) Hartman refused to inform Plaintiff of the name of the person that called. Plaintiff contends that this obstructed her access to the courts, and that she had previously informed Hartman about the call on March 9, 2009, and March 16, 2009. Ball further contends that Defendants Shepler and Nicholas were told about the phone hearing on March 10, 2009 and March 17, 2009, and had informed Plaintiff that they would "find out about it," but never did so. (Id.) Plaintiff also claims to have informed Defendant Gridley about the hearing on March 20, 2009, and Defendant Lamas on March 23, 2009, but each refused to look into the matter. Ball is suing Defendant Beard because "he is the policy maker of the prison." (Doc. No. 1, Compl. at 3.)

Ball alleges that Hartman informed her she would have to wait until she was no longer confined in the RHU to make a collect call to the courts. Ball contends that because she will be confined in the RHU until she "maxes out" in 2014, it will be too late to pursue the paternity issue because her son turns eighteen (18) years old in two (2) years. She further maintains that because the court called to set up the hearing, and she was unable to do so, her paternity case was dismissed. (Id.)

As relief, Ball seeks monetary damages in the amount of $5,000,000.00, in addition to the payment by Defendants of all child support from February 24, 1993 until the time her son

graduates from college. She also seeks injunctive relief to the extent that Defendants allow her to make a phone call to reschedule her hearing, as well as be prevented from any further obstruction of her right to access the courts.

## II. Discussion

### A. Motion for Counsel

Plaintiff moves for the appointment of counsel in this action. (Doc. No. 4.) In support of her request she claims that she (1) is unable to afford counsel; (2) has limited access to the law library; (3) is refused writing supplies by staff; (4) has difficulty understanding and comprehending matters; (5) will be unable to meet court-imposed deadlines; and (6) believes trial will be likely in this action. (Doc. No. 4.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable

3

merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the merits of Ball's claims, for the sole purpose of this motion the Court will assume that the case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Ball's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. Ball is no stranger to this Court. She has filed numerous civil rights actions in the Middle District of Pennsylvania and, at the present time, has seven (7) active cases pending. The pleadings submitted thus far do not contain complicated legal issues, and the dockets in each of Ball's cases demonstrate that she is clearly able to litigate this action on her own. She is proficient in both filing and opposing motions and, although confined in the RHU, does have access to the law library. Although Ball claims she is refused writing supplies by the staff at SCI-Muncy, her ability to continuously file documents in each of her pending civil actions reveals otherwise. Any concern on her part, with respect to trial preparation, is premature. It cannot be said, at least at this point, that Ball will suffer substantial prejudice if she is required to proceed with the prosecution of this case on her

4

own. This Court's liberal construction of pro se pleadings, Haines v, Kerner, 404 U.S. 519 (1972), coupled with Ball's apparent ability to litigate this action, weigh against the appointment of counsel. Her pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Ball.

**B      Motion for Injunctive Relief**

Ball has also filed a motion for injunctive relief seeking a court order directing Defendants to allow her to phone the court, as well as be enjoined from obstructing her access to the court in the future. (Doc. 5.)

An injunction is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, __ U.S. __, 129 S. Ct. 365, 375, 172 L. Ed. 2d 249 (2008). The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006); Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir. 2001); see also United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). These same factors are used to determine a motion for a temporary restraining order. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994). It is the moving party that bears the burden of satisfying these factors. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000). While each factor need not be established beyond a reasonable doubt, they must

5

combine to show the immediate necessity of injunctive relief. Stilp v. Contino, 629 F. Supp. 2d 449, 457 (M. D. Pa. 2009), citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002).

The moving party must produce evidence sufficient to convince the court that all four factors favor injunctive relief, and the court must endeavor to balance all four factors; however, as a practical matter, likelihood of success on the merits and irreparable injury are the most important factors. See Am. Tel. & Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1427 & n. 8 (3d Cir. 1994).

To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. See Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir. 1980); McCahon v. Pa. Tpk. Comm'n, 491 F. Supp. 2d 522, 527 (M.D. Pa. 2007). In determining whether success is likely, the court must look to the legal principles controlling the claim and the potential defenses available to the opposing party. See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 264 (3d Cir. 2000).

In the instant motion Ball requests that the Court order Defendants to allow her to contact the Northampton County Court with respect to her paternity testing lawsuit. She further requests that the Defendants be enjoined from engaging in any future obstruction of her access to the courts. First, Ball has not demonstrated a reasonable probability of success on the merits. She, herself, has submitted a declaration to the Court wherein she attaches evidence that the challenged hearing was postponed and will be rescheduled upon her availability. (Doc. No. 20, Ball Decl., Ex. 1.) Ball also has failed to make a clear showing that she will suffer irreparable injury if her motion is denied. She is pursuing the instant action wherein she is litigating her

denial of access to the court claim with respect to the paternity testing hearing, and seeking the relief requested in the instant motion for injunctive relief. Clearly she has an adequate remedy at law, as she is utilizing that remedy, and there is no indication that she will suffer irreparable harm before a decision on the merits can be rendered. Further, to the extent that Ball seeks to enjoin Defendants from engaging in any denial of access to the courts that may take place in the future, speculative injury does not constitute a showing or irreparable harm. See Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980). For these reasons, the pending motion for injunctive relief will be denied.

C. **Request for Default**

Ball also files a "request for default" in this action with respect to the Corrections Defendants. An Order directing service of the complaint was issued on May 27, 2009. (Doc. No. 9.) According to the waivers, an answer or motion under Rule 12 was due within 60 days after May 29, 2009. However, the waivers of service on behalf of the Corrections Defendants were never filed with the Court until December 16, 2009. (Doc. No. 29.) Defendants executed the waivers on December 7, 2009. Thus, it is unclear as to whether the waivers were never received until December of 2009, or were received earlier but not acted upon by Defendants. Regardless, Defendants filed a motion to dismiss the complaint on December 8, 2009 (Doc. No. 27), three weeks prior to Plaintiff's filing of the pending request for default and request to strike the motion to dismiss.

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55. A party seeking to obtain a default judgment must first request that the clerk of the court "enter ... the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required

by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b) precludes entry of default. See Francis v. Joint Force Headquarters Nat'l Guard, Civ. No. 05-4882, 2006 WL 2711459, at *2 (D.N.J. Sept. 19, 2006). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Although the entry of a default judgment is largely a matter of judicial discretion, the Court of Appeals has emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." Id. at 1180-81 (citations omitted). In light of the fact that default was never entered in the case, a motion to dismiss was filed by Defendants prior to Plaintiff's request for default, and Plaintiff has addressed the motion to dismiss on the merits, the Court will deny the request for entry of default and address Defendants' motion.

### D. Defendant Cicero's Motion to Stay Discovery

Defendant Cicero has filed a motion for stay of discovery pending the Court's ruling on her pending motion to dismiss the complaint. (Doc. No. 16.) Although Plaintiff has served discovery requests, Cicero maintains that her pending motion to dismiss will dispose of the claims against her, and that no leave to amend is warranted. As such, Cicero maintains that at this time there is no prejudice to staying discovery.

The decision to stay discovery pending resolution of a potentially dispositive motion is within the discretion of the district court. See, e.g., Coastal States Gas Corp. v. Dep't of Energy, 84 F.R.D. 278, 282 (D. Del. 1979); In re Orthopedic Bone Screw Product Liability Lit., 264 F.3d 344, 365 (3d Cir. 2001). A stay of discovery is not appropriate solely because a motion to

8

dismiss is pending. 19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 349 (E.D. Pa. 2000). But, a stay can be proper "where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." Id. (quoting Weisman v. Mediq, Inc., No. 95-1831, 1995 WL 2736678 at *2 (E.D. Pa. 1995)).

In her pending motion to dismiss, Cicero raises grounds that would dispose of the entire case against her. The grant of the motion to stay discovery with respect to this Defendant eliminates the need to engage in costly discovery. There exists no potential harm or prejudice in granting the motion to stay pending resolution of Cicero's motion to dismiss. In light of the such, a stay of discovery is warranted. However, in light of the following disposition of Defendant's motion to dismiss, Plaintiff's motion to stay discovery will be dismissed as moot.

E. **Defendant Cicero's Motion to Dismiss**

In the complaint Ball names Jill Cicero, Associate Court Administrator for the Court of Common Pleas of Northampton County, Pennsylvania, as a defendant. In the complaint Ball alleges that Defendants denied her access to the courts when she was not permitted to participate in a telephonic court hearing scheduled for March 20, 2009, due to her confinement in the RHU.

Cicero moves to dismiss the complaint on the basis that there are no factual allegations contained in the complaint against her. Even if there were such allegations, Cicero states that (1) the Eleventh Amendment bars any claims against her in her official capacity; (2) acting in her official capacity, she is not a "person" who can be sued under § 1983 and (3) in her individual capacity, she is immune from Plaintiff's claims.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims

alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

Defendants contend that the entire complaint sets forth allegations against SCI-Muncy

10

prison employees with regard to communications Ball had with them regarding the issue of the March 20, 2009 phone hearing. The complaint lacks any allegations against Cicero, who is not a prison employee, but rather, a court administrator in Northampton County. The only possible reference to Cicero in the complaint is Ball's allegation that the court contacted Defendant Hartman to allow Ball to participate in the phone hearing, thereby establishing an effort to facilitate Ball's access to the court. As such, Cicero maintains that Ball fails to state a claim against her.

Defendant's argument has merit, however, even if the complaint contained factual allegations against Cicero, she would be immune from suit in both her official and individual capacities. The Eleventh Amendment bars claims against Cicero in her official capacity. A suit against a state official in his or her official capacity is deemed to be a suit against the state. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Absent a state's consent, all states and state entities are entitled to immunity under the Eleventh Amendment. See Lombardo v. Pennsylvania Dept. of Public Welfare, 540 F.3d 190, 194-95 (3d Cir. 2008). In filing suit against Cicero in her official capacity as Associate Court Administrator, Ball actually is suing the Commonwealth of Pennsylvania. Cicero is an employee of the Northampton County Court of Common Pleas, which is part of the Unified Judicial System. See 42 Pa. C.S.A. § 301(4). Courts and agencies of the Unified Judicial System and are state, rather than local, agencies. See Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was

11

"no different from a suit against the State itself." Id. at 71. "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

Defendant claims that to the extent she is sued in her individual capacity, she is also entitled to quasi-judicial immunity. Quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, are also immune from suit. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000)(court administrator entitled to immunity for release of information ordered by a judge); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969)(holding that prothonotary, acting under court direction, was immune from suit). The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants ... will vent their wrath on clerks, court reports, and other judicial adjuncts." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992).

In the instant case, as a court administrator, Cicero acts as an extension of the court in exercising her responsibilities of case management. Clearly, even if the complaint in this action could be construed to even set forth a claim against Cicero, it would be with respect to the performance of her judicial functions. As such, the motion to dismiss will be granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAWN MARIE BALL, : CIVIL NO. 1:CV-09-0844
    Plaintiff, :
 : (Chief Judge Kane)
    v. :
 :
COUNSELOR HARTMAN, et al., :
    Defendants :

## ORDER

**AND NOW, THEREFORE, THIS 11th DAY OF JANUARY, 2010,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion for Counsel (Doc. No. 4) is **denied without prejudice**.

2. Plaintiff's Motion for Injunctive Relief (Doc. No. 5) is **denied.**

3. Plaintiff's Request for Default (Doc. No. 30) is **denied**.

4. Defendant Cicero's Motion to Stay Discovery (Doc. No. 16) is **dismissed as moot.**

5. Defendant Cicero's Motion to Dismiss (Doc. No. 27) is **granted**. All claims set forth against Cicero are dismissed in their entirety.

                          S/ Yvette Kane
                          YVETTE KANE, Chief Judge
                          Middle District of Pennsylvania